[Cite as *State v. Lynn*, 2018-Ohio-3335.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NOS. CA2017-08-129<br>CA2017-08-132 |
| | : | |
| - vs - | : | O P I N I O N<br>8/20/2018 |
| | : | |
| DAVID D. LYNN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-11-1667


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for plaintiff-appellee

Neal D. Schuett, 12 East Warren Street, Lebanon, OH 45036, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1}   Defendant-appellant, David D. Lynn, appeals from the decision of the Butler County Court of Common Pleas denying his motion to suppress.  For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2}   On December 20, 2016, the Butler County Grand Jury returned a multi-count indictment charging Lynn with several felony drug offenses, including trafficking in cocaine,

aggravated trafficking in drugs, and trafficking in drugs.  According to the bill of particulars, the charges arose after officers with the Fairfield Police Department discovered crack cocaine and heroin in the trunk of the vehicle Lynn was driving during the early morning hours of November 1, 2016.  It is undisputed that Lynn's brother, Dwight, was a passenger in the vehicle at the time the traffic stop was initiated.  Lynn pled not guilty to all charges.

{¶ 3}  On January 30, 2017, Lynn filed a motion to suppress, a motion Lynn thereafter supplemented with an additional filing on February 24, 2017.  As part of his motion, Lynn argued the officers' warrantless search of the vehicle's trunk was not supported by probable cause.  In support, Lynn relied on the Ohio Supreme Court's decision in *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, a case in which the Ohio Supreme Court reversed a trial court's decision granting appellant's motion to suppress upon finding the law enforcement officer who conducted the search of the trunk of appellant's vehicle "had probable cause to search the trunk of [appellant's] vehicle based solely on the odor of burnt marijuana coming from inside the car."  *Id.* at ¶ 6.  In so holding, the Ohio Supreme Court determined that "[t]he odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle."  *Id.* at ¶ 52.

**Suppression Hearing**

{¶ 4}  On March 14, 2017, the trial court held a hearing on Lynn's motion to suppress.  At this hearing, Officer Brian Carnes, the lone witness to testify at the suppression hearing, testified he conducted a traffic stop on the vehicle Lynn was driving after he noticed the vehicle did not have a front license plate and had "extremely" dark tinted windows.  There is no dispute that failing to display a front license plate is illegal in the state of Ohio.  There is also no dispute that it is illegal in the state of Ohio for a vehicle to have "extremely" dark tinted windows as those observed by Officer Carnes.

- 2 -

{¶ 5} Following the traffic stop, Officer Carnes approached the vehicle to speak with the vehicle's two occupants, Lynn and Dwight. Once there, Officer Carnes detected an "extremely overwhelming odor of raw marijuana coming from inside the vehicle." According to Officer Carnes, he immediately recognized the odor as raw marijuana based on his training and experience as a law enforcement officer.

{¶ 6} Upon speaking with Lynn and Dwight, who appeared "extremely nervous," Officer Carnes checked the brothers' information through dispatch, a check of which revealed Dwight had an active warrant for his arrest and "caution for possessing a firearm." Shortly thereafter, Officer Poole arrived on the scene to provide backup for Officer Carnes. Once Officer Poole arrived on the scene, Lynn and Dwight were removed from the vehicle, checked for weapons, handcuffed, and placed in the back of Officers Carnes' and Poole's police cruisers.

{¶ 7} After Lynn and Dwight were secured, the officers began searching the vehicle's passenger compartment. When asked why they conducted such a search, Officer Carnes testified "[b]ecause the odor of marijuana coming from inside the vehicle." It is undisputed the search of the vehicle's glove compartment led to the discovery of a white paper sack holding a Ziploc bag containing a small amount of raw marijuana and a large orange pill bottle containing numerous pills of ecstasy.

{¶ 8} Upon locating the raw marijuana and ecstasy in the vehicle's glove compartment, Officer Hauer, who had since arrived on the scene to provide backup to Officers Carnes and Poole, began searching the vehicle's trunk. It is undisputed the search of the vehicle's trunk led to the discovery of crack cocaine and heroin in a Ziploc bag inside a Crown Royal bag located within a backpack hidden behind a speaker box.

{¶ 9} Upon discovering the crack cocaine and heroin, Officer Carnes placed both Lynn and Dwight under arrest. Lynn thereafter admitted to Officer Carnes that "anything

and everything in the car, it was his." Concluding, when asked why a search of the vehicle's trunk was conducted, Officer Carnes testified the search was "[b]ased on the odor coming from inside the vehicle and what I found in the glove box. * * * There could have been more back there I don't know."

{¶ 10} After hearing arguments from both parties, the trial court issued its decision from the bench denying Lynn's motion to suppress. In so holding, the trial court stated, in pertinent part, the following:

> Here's where I'm coming down. We can't say that the *Farris* rule only applies when you suspect the driver. It doesn't apply if the real guy you suspect mostly is the passenger. I don't think we can do that. The exception is the exception. It's the vehicle. It's not a personal type of thing, it's the vehicle analysis. Is there likely contraband in the trunk if we find it in the passenger compartment. That's the heart of the exception that is still valid here. Even though our fact scenario is an odd one and an interesting one and a strange one. But with that, that's my analysis. * * * [T]he automobile exception is still valid; and, it's not overborne by the burnt marijuana smell set forth in *Farris*. Based upon that analysis, the motion is denied.

The trial court thereafter issued a written entry confirming the same.

**Plea and Sentence**

{¶ 11} On July 20, 2017, Lynn agreed to plead no contest to single counts of trafficking in cocaine, aggravated trafficking in drugs, and trafficking in drugs in exchange for the remaining charges being dismissed. After conducting the necessary Crim.R. 11 plea colloquy, the trial court accepted Lynn's no contest plea and found Lynn guilty as charged. The trial court then sentenced Lynn to serve a mandatory term of seven years in prison, ordered Lynn to pay a mandatory $7,500 fine, and notified Lynn that he would be subject to a mandatory three-year postrelease control term upon his release from prison.

**Appeal**

{¶ 12} Lynn now appeals from the trial court's decision denying his motion to

suppress, raising the following single assignment of error for review.

{¶ 13} THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE WHEN IT DENIED HIS MOTION TO SUPPRESS.

{¶ 14} In his single assignment of error, Lynn argues the trial court erred by denying his motion to suppress. In support, Lynn argues the officers lacked probable cause to conduct a warrantless search of the vehicle's trunk. We disagree.

**Standard of Review**

{¶ 15} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. Therefore, when reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

**Automobile Exception**

{¶ 16} Searches and seizures conducted without a warrant are per se unreasonable unless the search and seizure falls within one of the few specifically established and well delineated exceptions. *State v. Fisher*, 10th Dist. Franklin No. 10AP-746, 2011-Ohio-2488, ¶ 17. One such exception is the so-called "automobile exception" to the warrant

requirement. *State v. Young*, 12th Dist. Warren No. CA2011-06-066, 2012-Ohio-3131, ¶ 34. Under the automobile exception, law enforcement officers may search a motor vehicle without a warrant if the officers have probable cause to believe the vehicle contains contraband. *State v. Battle*, 10th Dist. Franklin No. 10AP-1132, 2011-Ohio-6661, ¶ 33. Probable cause in these instances is "a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction." *State v. Popp*, 12th Dist. Butler No. CA2010-05-128, 2011-Ohio-791, ¶ 27, quoting *State v. Kessler*, 53 Ohio St.2d 204, 208 (1978). The determination of probable cause is fact-dependent and turns on what the officers knew at the time they conducted the search. *Battle* at ¶ 34, citing *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 14.

{¶ 17} As noted by the United States Supreme Court in *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157 (1982), "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." Although not explicit, the Ohio Supreme Court held the same in *State v. Moore*, 90 Ohio St.3d 47, 51 (2000), stating that "[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." However, the Ohio Supreme Court in *Farris* limited its holding in *Moore* upon finding "[t]his court did not extend the search of the vehicle to the trunk in [*Moore*], and we decline to do so here." *Farris*, 2006-Ohio-3255 at ¶ 50; *see also State v. Murrell*, 94 Ohio St.3d 489 (2000), syllabus ("[w]hen a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile"). This is because, as the Ohio Supreme Court thereafter stated, "[a] trunk and

a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." *Id.*, 2006-Ohio-3255 at ¶ 52.

**Analysis**

{¶ 18} Relying on the Ohio Supreme Court's decision in *Farris*, Lynn argues the trial court erred by denying his motion to suppress because the officers lacked probable cause to conduct a warrantless search of the vehicle's trunk. Again, as the Ohio Supreme Court in *Farris* held, "[t]he odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." *Id.*, 2006-Ohio-3255 at ¶ 52. "This proposition is established by the common sense observation that an odor of burning marijuana would not create an inference that burning marijuana was located in a *trunk*." (Emphasis sic.) *State v. Gonzales*, 6th Dist. Wood No. WD-07-060, 2009-Ohio-168, ¶ 22. However, just as the trial court found in this case, Lynn's reliance on *Farris* is misplaced as the facts in that case are readily distinguishable from the case at bar.

{¶ 19} Unlike in *Farris*, the officers in this case did not rely on the odor of *burnt* marijuana emanating from the vehicle's passenger compartment, standing alone, to justify their search of the vehicle's trunk. In fact, the officers in this case did not rely on the odor of *burnt* marijuana at all. Rather, upon detecting an "extremely overwhelming" odor of *raw* marijuana originating from the vehicle, the officers conducted a search of the vehicle's passenger compartment. This search uncovered a white paper sack holding a Ziploc bag containing a small amount of raw marijuana and a large orange pill bottle containing numerous pills of ecstasy located in the vehicle's glove compartment. Based on the case law outlined above, including the limited holding in *Farris*, the discovery of these two illegal substances within the vehicle's glove compartment provided the officers with probable cause to extend their search to the vehicle's trunk where they discovered crack cocaine and

heroin, both of which Lynn admitted belonged to him. Therefore, unlike in *Farris*, because the officers in this case did not rely on the odor of *burnt* marijuana emanating from the vehicle's passenger compartment to justify their warrantless search of the vehicle's trunk, the trial court correctly determined that the Ohio Supreme Court's decision in *Farris* was inapplicable to the case at bar.

{¶ 20} The odor of *raw* marijuana provides different probable cause than the odor of *burnt* marijuana. *Gonzales*, 2009-Ohio-168 at ¶ 22. "The odor of raw marijuana – especially an overwhelming odor of raw marijuana – creates probable cause to believe that a large quantity of raw marijuana will be found." *Id.* Under such circumstances, "[a]n officer may rationally conclude that a large quantity of raw marijuana would be located in a vehicle's trunk." *Id.*, citing *United States v. Ashby*, 864 F.2d 690 (10th Cir.1988); and *United States v. Bowman*, 487 F.2d 1229 (10th Cir.1973). "'[W]here an officer detects a strong odor of raw marijuana, but no large amount is found within the passenger compartment of the vehicle, the officer has probable cause to search the trunk,' including the trunk's contents." *State v. Gartrell*, 3d Dist. Marion No. 9-14-02, 2014-Ohio-5203, ¶ 58, quoting *State v. Price*, 6th Dist. Sandusky No. S-11-037, 2013-Ohio-130, ¶ 16. That is exactly what occurred here. "[T]he Ohio Constitution, like the United States Constitution, does not prohibit warrantless searches of an automobile trunk after law enforcement has found contraband in the passenger compartment." *State v. Jones*, 9th Dist. Lorain No. 12CA010270, 2013-Ohio-2375, ¶ 20; *see, e.g., State v. Greenwood*, 2d Dist. Montgomery No. 19820, 2004-Ohio-2737, ¶ 11 (law enforcement officer's observation of marijuana on a vehicle's passenger seat and floorboard provided probable cause to "search the entire vehicle, including the trunk and its contents"). Lynn's argument to the contrary lacks merit.

### Conclusion

{¶ 21} In light of the foregoing, finding no error in the trial court's decision denying

Lynn's motion to suppress, Lynn's single assignment of error is overruled.

{¶ 22} Judgment affirmed.


PIPER and M. POWELL, JJ., concur.