[Cite as *State v. Vang*, 2019-Ohio-195.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-06-017 |
| | : | O P I N I O N |
| - vs - | | 1/22/2019 |
| | : | |
| WHISKY VANG, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20170194

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price and Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for appellee

Samuel H. Shamansky, Donald L. Regensburger, Colin E. Peters, and Sarah A. Hill, 523 South Third Street, Columbus, Ohio 43215, for appellant

**PIPER, J.**

{¶ 1} Appellant, Whisky Vang, appeals a decision of the Madison County Court of Common Pleas denying his motion to suppress.

{¶ 2} Vang was traveling eastbound on Interstate 70 when a sergeant with the Ohio State Highway Patrol observed Vang's vehicle make lane changes using only a brief turn signal. The sergeant began to follow Vang and visually estimated that Vang was speeding.

The sergeant consulted his own speedometer to determine that he was required to drive faster than the posted speed limit in order to keep pace with Vang's vehicle. During this time, Vang changed lanes in a manner that the sergeant deemed unsafe, and the sergeant executed a traffic stop of Vang's vehicle.

{¶ 3} Once the sergeant began interacting with Vang, he smelled the odor of raw marijuana and fabric softener emanating from Vang's vehicle. The sergeant immediately requested back-up, asked Vang to exit his vehicle, performed a pat-down of Vang's person, and placed him in the back seat of his patrol car. The sergeant also read Vang his *Miranda* rights, which Vang indicated he understood, and advised Vang that officers were going to search his vehicle for drugs.

{¶ 4} The sergeant observed a package behind the driver's seat in Vang's automobile, and asked Vang if marijuana was in the package. Vang confirmed that the package contained marijuana. More packages of marijuana were then located in the trunk of Vang's vehicle.

{¶ 5} Vang was indicted for possession of drugs and possessing criminal tools. Vang filed a motion to suppress, arguing that the search of his vehicle and the seizure of the marijuana packages violated his Fourth Amendment rights. The trial court held a hearing on the issue and subsequently denied Vang's motion to suppress. Vang then pled no contest to the charges and the trial court sentenced him accordingly. Vang now appeals the trial court's denial of his motion to suppress, raising the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO SUPPRESS, WHERE THE TRAFFIC STOP OF HIS VEHICLE WAS CONDUCTED IN THE ABSENCE OF REASONABLE SUSPICION, IN VIOLATION OF

APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶ 8} Vang argues in his first assignment of error that the trial court erred in denying his motion to suppress because the traffic stop was invalid.

{¶ 9} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. Therefore, when reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 10} The Fourth Amendment to the United States Constitution protects individuals from unreasonable governmental searches and seizures. *United States v. Hensley,* 469 U.S. 221, 105 S.Ct. 675 (1985). Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is reasonable under the Fourth Amendment to the United States Constitution. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814.

{¶ 11} After a thorough review of the record, we find that the traffic stop was valid because the sergeant initiated the stop after observing Vang commit two traffic violations. First, the record indicates that the sergeant observed Vang speeding. The sergeant testified

that Vang was driving 74 m.p.h., which exceeded the maximum speed limit of 70 m.p.h. for that area of I-70. The sergeant was able to determine Vang's speed by pacing Vang's car with his own patrol car. During that time, the sergeant was forced to speed and drive over the limit in order to keep up with Vang's own speed.

{¶ 12} The sergeant also observed a second traffic offense when Vang made an unsafe lane change. The sergeant observed Vang driving in the left lane before moving to the center lane of traffic, placing himself directly in front of another vehicle. The sergeant determined that Vang's move to the center lane left only one to one-and-one-half car lengths between the two vehicles, which constituted an unsafe distance. The sergeant testified at the motion to suppress hearing that had Vang stopped or slowed, the driver behind him would not have had time to stop.

{¶ 13} The record indicates that the trial court viewed a video of the sergeant's traffic stop, including the moments before the stop occurred when the sergeant drove behind Vang, as recorded by a camera on the sergeant's cruiser. The trial court found that the video confirmed the sergeant's observations and comported with the sergeant's testimony as given during the motion to suppress hearing. As such, the traffic stop was valid because the sergeant observed two traffic violations before stopping Vang. Vang's first assignment of error is, therefore, overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED BY DENYING THE THIRD PRONG OF APPELLANT'S MOTION TO SUPPRESS, FINDING THAT THE TRUNK OF APPELLANT'S VEHICLE WAS LAWFULLY SEARCHED, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶ 16} Vang argues in his second assignment of error that the trial court erred in denying his motion to suppress because the sergeant was not permitted to search the trunk of his vehicle.

{¶ 17} When a law enforcement officer initiates a valid traffic stop, the officer may detain the motorist for a period of time sufficient to issue the motorist a citation and to perform routine procedures such as a computer check on the motorist's license, registration, and vehicle plates. *State v. Grenoble*, 12th Dist. Preble No. CA2010-09-011, 2011-Ohio-2343, ¶ 28. The continued detention remains legal if the continued detention is based on "articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention." *State v. Robinette*, 80 Ohio St.3d 234, 240 (1997).

{¶ 18} If the circumstances give rise to a reasonable suspicion of some other illegal activity, different than that which triggered the stop, then the officer may detain the driver for as long as the new articulable reasonable suspicion exists. *State v. Casey*, 12th Dist. Warren No. CA2013-10-090, 2014-Ohio-2586. The existence of reasonable and articulable suspicion is determined by evaluating the totality of the circumstances "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Popp*, 12th Dist. Butler No. CA2010-05-128, 2011-Ohio-791, ¶ 13.

{¶ 19} Further, the automobile exception to the warrant requirement of the Fourth Amendment provides that law enforcement officers may search a motor vehicle without a warrant if the officers have probable cause to believe the vehicle contains contraband. *State v. Lynn*, 12th Dist. Butler Nos. CA2017-08-129 and CA2017-08-132, 2018-Ohio-3335. Probable cause in these instances is "a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction." *Popp* at ¶ 27. The determination of probable cause is fact-

dependent and turns on what the officers knew at the time they conducted the search. *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563.

{¶ 20} Despite the Ohio Supreme Court's recognition of the automobile exception in *State v. Moore*, 90 Ohio St.3d 47, 51 (2000), it has warned that a trunk "and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, ¶ 51. For example, the *Farris* court held that "the odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." *Id.* at ¶ 52. Instead, the officer needs to justify his or her search beyond the passenger compartment with other facts and circumstances supporting probable cause to search the trunk. *Id.*

{¶ 21} However, and as this court has previously determined, there is a difference between the odor of raw and burnt marijuana when used to support the probable cause necessary for further investigation into the trunk area of a vehicle.

{¶ 22} The odor of *raw* marijuana provides different probable cause than the odor of *burnt* marijuana. *Lynn*, 2018-Ohio-3335 at ¶ 20. "The odor of raw marijuana - especially an overwhelming odor of raw marijuana - creates probable cause to believe that a large quantity of raw marijuana will be found." *State v. Gonzales*, 6th Dist. Wood No. WD-07-060, 2009-Ohio-168, ¶ 22. Under such circumstances, "[a]n officer may rationally conclude that a large quantity of raw marijuana would be located in a vehicle's trunk." *Id.* "'[W]here an officer detects a strong odor of raw marijuana, but no large amount is found within the passenger compartment of the vehicle, the officer has probable cause to search the trunk, including the trunk's contents." *State v. Gartrell*, 3d Dist. Marion No. 9-14-02, 2014-Ohio-5203, ¶ 58.

{¶ 23} The sergeant testified at Vang's suppression hearing that he smelled the odor of raw marijuana and fabric softener emanating from Vang's vehicle. Vang stipulated at the

suppression hearing that the sergeant was qualified to detect the odor of marijuana and that law officers are taught that fabric softener is used to mask the smell of marijuana. The sergeant also testified that he found one package in the interior of Vang's vehicle, and that Vang confirmed the existence of marijuana in the package. Thus, the sergeant had probable cause to believe that the trunk of Vang's vehicle contained additional quantities of marijuana based on more facts and circumstances than simply smelling the odor of burnt marijuana.

{¶ 24} Unlike *Farris*, the sergeant in this case did not rely on the odor of *burnt* marijuana emanating from the interior of Vang's vehicle, standing alone, to justify the search of the vehicle's trunk. In fact, the sergeant did not rely on the odor of *burnt* marijuana at all, and instead, testified that he investigated further after detecting the odor of raw marijuana and fabric softener sheets emanating from the interior compartment of Vang's vehicle. Given that the sergeant located only one package in the interior of the vehicle that could not account for the strong odor of marijuana, as well as Vang's confirmation that the package contained marijuana, the sergeant was justified in continuing his search to the trunk.

{¶ 25} Even in the face of the court's limited holding in *Farris*, the discovery of packaged marijuana in the interior of Vang's vehicle, the strong odor of raw marijuana and fabric softener to mask the smell of marijuana, as well as Vang's admission that the package contained marijuana, provided the sergeant with probable cause to extend the search to the vehicle's trunk where additional marijuana was discovered. As such, the trial court properly overruled Vang's motion to suppress and his second assignment of error is overruled.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.