[Cite as *State v. Hope*, 2019-Ohio-3719.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-12-018 |
| | : | O P I N I O N |
| - vs - | | 9/16/2019 |
| | : | |
| TAURION K. HOPE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 18CR12587

Martin P. Votel, Preble County Prosecuting Attorney, Gractia S. Manning, 101 East Main Street, Courthouse, First Floor, Eaton, Ohio 45320, for appellee

Gump Law Offices, Nicole Rutter-Hirth, 2541 Shiloh Springs Road, Dayton, Ohio 45426, for appellant

**PIPER, J.**

{¶ 1} Appellant, Taurion Hope, appeals a decision of the Preble County Court of Common Pleas denying his motion to suppress in part and the sentence imposed by the trial court after he pled no contest to receiving stolen property.

{¶ 2} A trooper on patrol observed a speeding vehicle and measured the vehicle's speed as it increased from 76 m.p.h. to 78 m.p.h. After initiating a traffic stop, the trooper approached the car and immediately smelled the odor of raw marijuana emanating from the vehicle once the passenger rolled down the window. The trooper then removed the driver,

later identified as Hope, and administered a field sobriety test to determine if Hope was impaired. While Hope did not show signs of significant impairment, the trooper performed a search of Hope's person and vehicle once backup arrived. The troopers found marijuana debris, as well as multiple credit cards in the vehicle and on Hope's person.

{¶ 3} After an investigation determined that some of the credit cards were stolen, Hope was indicted for receiving stolen property. Hope filed a motion to suppress, which was sustained in part and overruled in part.[1] Hope pled no contest to the charge, the trial court found him guilty, and sentenced Hope to nine months in prison. Hope now appeals the trial court's denial of his motion to suppress in part and his sentence, raising the following assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} MR. HOPE'S FOURTH AMENDMENT RIGHTS WERE VIOLATED WHEN THE OFFICER STOPPED AND DETAINED HIM FOR TWENTY MINUTES TO ISSUE A WARNING FOR SPEEDING AND PROCEEDED TO SEARCH THE VEHICLE ABSENT REASONABLE, ARTICULABLE SUSPICION OF ADDITIONAL CRIMINAL ACTIVITY.

{¶ 6} Hope argues in his first assignment of error that the trial court erred in denying his motion to suppress in part.

{¶ 7} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. Therefore, when reviewing the denial of a motion to suppress, this court is bound to accept the trial

---

1. The trial court suppressed statements Hope made to troopers before he was given his *Miranda* rights and that ruling is not implicated in this appeal.

court's findings of fact if they are supported by competent, credible evidence. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 8} The Fourth Amendment to the United States Constitution protects individuals from unreasonable governmental searches and seizures. *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675 (1985). Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is reasonable under the Fourth Amendment to the United States Constitution. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814.

{¶ 9} When a law enforcement officer initiates a valid traffic stop, the officer may detain the motorist for the time sufficient to issue the motorist a citation and to perform routine procedures such as a computer check on the motorist's license, registration, and vehicle plates. *State v. Vang*, 12th Dist. Madison No. CA2018-06-017, 2019-Ohio-195, ¶ 17-19. The continued detention remains legal if based on "articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention." *State v. Robinette*, 80 Ohio St.3d 234, 240 (1997).

{¶ 10} If the circumstances give rise to a reasonable suspicion of additional illegal activity, different than that which triggered the initial stop, then the officer may detain the driver for so long as the newly-discovered reasonable and articulable suspicion exists. *State v. Casey*, 12th Dist. Warren No. CA2013-10-090, 2014-Ohio-2586. The existence of reasonable and articulable suspicion is determined by evaluating the totality of the circumstances "through the eyes of the reasonable and prudent police officer on the scene

who must react to events as they unfold." *State v. Popp*, 12th Dist. Butler No. CA2010-05-128, 2011-Ohio-791, ¶ 13.

{¶ 11} Further, the automobile exception to the warrant requirement of the Fourth Amendment provides that law enforcement officers may search a motor vehicle without a warrant if the officers have probable cause to believe the vehicle contains contraband. *State v. Lynn*, 12th Dist. Butler Nos. CA2017-08-129 and CA2017-08-132, 2018-Ohio-3335. Probable cause in these instances is "a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction." *Popp* at ¶ 27. The determination of probable cause is fact-dependent and turns on what the officers knew at the time they conducted the search. *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563.

{¶ 12} During the motion to suppress hearing, the trooper testified that he observed the speeding vehicle and tracked its speed as high as 78 m.p.h., which was in excess of the posted speed limit. As such, there is no dispute that the traffic stop was valid at its inception given the trooper's observation of the traffic violation.

{¶ 13} When the trooper approached Hope's vehicle, he smelled the odor of raw marijuana when the passenger rolled down the window. The trooper administered a field sobriety test to determine whether Hope was impaired. While the test indicated that Hope was not "appreciably impaired," there was a sign of recent marijuana usage. The trooper also testified that when he asked to look into Hope's mouth, he observed that Hope's tongue had a green "haze" on it and that Hope's taste buds were raised. In the trooper's experience, the green haze and raised taste buds were indicative of recent marijuana use.

{¶ 14} The trooper testified that when he asked how long it had been since Hope ingested marijuana, Hope stated "a few days ago." Believing Hope's answer was untruthful, the trooper administered Hope his *Miranda* rights and continued to question him. The

- 4 -

trooper testified that Hope would not provide answers when asked about his passenger and that he "fumble[d]" his words during their exchange.

{¶ 15} The trooper testified that given the smell of raw marijuana, the results of the field sobriety test, Hope's raised taste buds, as well as the green haze on Hope's tongue, he decided nine minutes after the traffic stop began to search the vehicle. The trooper then called for backup support, and upon their arrival, the search began 20 minutes after the stop was initiated.

{¶ 16} During the search, troopers located marijuana debris and credit cards in multiple locations throughout the vehicle. The troopers also located 13 additional credit cards on Hope's person. While some of the cards legitimately belonged to Hope, the troopers were able to determine that several were stolen.

{¶ 17} These facts indicate that the trooper had reasonable suspicion that drug activity was afoot given the odor of marijuana and the indicators of Hope's recent use. The trooper detained Hope only long enough to investigate first the traffic violation, and then the possible drug activity. While the trooper decided within nine minutes to search the vehicle, he had to wait an additional 11 minutes for backup to arrive. This delay was not an unreasonable detention given that the trooper did nothing to unnecessarily create or expand the delay, and instead, waited until other troopers were present to ensure his safety and assist in the search. As such, we find that the stop was valid at its inception and that it remained valid as the trooper investigated the possible criminal activity. Hope's first assignment of error is, therefore, overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} MR. HOPE'S SENTENCE WAS UNCONSTITUTIONAL AND UNLAWFUL BECAUSE A PRISON TERM WAS NOT PERMITTED NOR REQUIRED FOR A FELONY OF THE FIFTH DEGREE.

**{¶ 20}** Hope argues in his second assignment of error that his sentence was unlawful.

**{¶ 21}** R.C. 2953.08(G)(2) provides the standard of review for felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a felony sentence only if the appellate court "clearly and convincingly finds that the sentence is (1) contrary to law and/or (2) unsupported by the record." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, ¶ 1. An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

**{¶ 22}** After review, we find Hope's sentence contrary to law because the record does not indicate that the trial court considered the principles and purposes of sentencing or the relevant sentencing factors before sentencing Hope.

**{¶ 23}** During the sentencing hearing, the trial court stated only that it had received and reviewed a presentence report, the state's sentencing memorandum, as well as defense counsel's statements at the start of the sentencing hearing. However, there is no other indication made during the sentencing hearing that the trial court considered the requisite statutory factors. Nor did the trial court's sentencing entry state that it had considered both R.C. 2929.11 and R.C. 2929.12, as it must before it imposes sentence. Thus, we find that Hope's sentence is contrary to law and sustain his second assignment of error.

**{¶ 24}** Judgment affirmed in part, reversed in part, and the matter is remanded for the limited purpose of resentencing.

RINGLAND, P.J., and M. POWELL, J., concur.