[Cite as *State v. Tatum*, 2023-Ohio-629.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 22 CAA 04 0027 |
| RICHARD TATUM | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No. 21 CRI 09 0504


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 1, 2023


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

MARK C. SLEEPER        APRIL F. CAMPBELL
ASSISTANT PROSECUTOR        CAMPBELL LAW, LLC
145 North Union Street, 3rd Floor    545 Metro Place South, Suite 100
Delaware, Ohio 43015        Dublin, Ohio 43017

*Wise, J.*

{¶1}    Appellant Richard Tatum appeals the February 22, 2022 judgment of conviction and sentence of the Delaware County Court of Common Pleas. Appellee is State of Ohio.

## STANDARD OF REVIEW

{¶2}    Appellant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We informed Appellant that his attorney had filed an *Anders* brief on his behalf and granted him until January 14, 2023, to file a *pro se* brief. Appellant has not filed a pro se brief.

{¶3}    In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶4}    The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶5}      On September 7, 2021, Appellee charged Appellant via complaint alleging Appellant with Failure to Comply with an Officer's Signal, a felony in the third degree, in violation of R.C. §2921.331(C)(5)(a)(ii). The complaint did not state that Appellant caused a substantial risk of serious physical harm to persons or property.

{¶6}      The magistrate found that because the complaint did not allege substantial risk of serious physical harm to persons or property, a misdemeanor charge could be sustained, but probable cause did not exist to support the felony charge.

{¶7}      Appellant then offered to enter a plea of guilty to the misdemeanor charge. The magistrate declined to allow Appellant to enter a plea of guilty. The magistrate instructed Appellant he would set the matter for a preliminary hearing, where Appellant may request a change of plea hearing.

{¶8}      On September 8, 2021, the grand jury indicted Appellant for Failure to Comply with an Officer's Signal, a felony in the third degree, in violation of R.C. §2921.331(C)(5)(a)(ii) and Driving While Under the Influence of Alcohol or Drugs, a misdemeanor in the first degree, in violation of R.C. §4511.19(A)(1)(a). Appellant plead not guilty. The Driving While Under the Influence of Alcohol or Drugs was dismissed by Appellee.

{¶9}      On February 17, 2022, the matter proceeded to a jury trial.

{¶10}      At trial, Trooper Robert Myers testified he observed a black vehicle moving quickly toward the exit to a gas station, cutting Trooper Myers off. The officer observed Appellant operating the vehicle without a seatbelt. Trooper Myers began tailing Appellant, pacing Appellant's car at eighty-seven miles per hour. Trooper Myers

engaged his overhead lights to initiate a traffic stop. Appellant increased speed crossing into Delaware County. Trooper Myers measured Appellant's speed as over 130 miles per hour.

**{¶11}** Trooper Myers terminated pursuit as Trooper Darius Patterson deployed Stop Sticks, stopping Appellant's vehicle.

**{¶12}** Upon approaching the vehicle, Trooper Patterson observed the vehicle was empty. Appellant was found nearby, hiding in a garbage dumpster. Trooper Patterson then read Appellant *Miranda* warnings.

**{¶13}** Trooper Myers then arrived and positively identified Appellant as the driver of the vehicle. Appellant told the troopers he saw Trooper Myers at a gas station, but did not believe they would follow Appellant if he put other's lives in danger.

**{¶14}** Appellant moved the trial court to acquit Appellant under Crim.R. 29.

**{¶15}** The trial court overruled that motion.

**{¶16}** The jury found Appellant guilty of Failure to Comply with an Officer's Signal, a felony in the third degree, in violation of R.C. §2921.331(C)(5)(a)(ii).

**{¶17}** The trial court sentenced Appellant to twenty-four months in prison.

## POTENTIAL ASSIGNMENTS OF ERROR

**{¶18}** Counsel's brief suggests four assignments of error as follows:

**{¶19}** "I. THE MAGISTRATE ABUSED ITS DISCRETION RESULTING IN A DUE PROCESS VIOLATION, IN REFUSING [sic] TO ACCEPT TATUM'S GUILTY PLEA AT HIS INITIAL BOND HEARING.

**{¶20}** "II. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE TO SUPPRESS THE EVIDENCE AGAINST TATUM, WHEN HIS INITIAL STOP WAS BASED ON A PACING SPEED VIOLATION.

**{¶21}** "III. THE EVIDENCE WAS LEGALLY INSUFFICIENT AND WEIGHED MANIFESTLY AGAINST CONVICTING TATUM OF THIRD-DEGREE FELONY FAILURE TO COMPLY.

**{¶22}** "IV. THE TRIAL COURT ERRED IN SENTENCING TATUM."

## I.

**{¶23}** In his first potential Assignment of Error, Appellant suggests the trial court may have abused its discretion in refusing to accept Appellant's guilty plea at the bond hearing. We disagree.

**{¶24}** Crim.R. 11(E) states, in pertinent part: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." A petty offense is "a misdemeanor other than serious offense." Crim.R. 2(D). A serious offense is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶25}** In the case *sub judice*, the magistrate found a charge of Failure to Comply with an Officer's Signal, a misdemeanor in the first degree, in violation of R.C. §2921.331 was supported by the complaint. The maximum penalty the trial court could impose upon Appellant was a period of imprisonment of "not more than one hundred eighty days."

R.C. §2929.24. At Appellant's initial appearance, the State indicated it would move to dismiss the case without prejudice if the magistrate accepted the plea. As this charge is considered a petty offense under Crim.R. 2(D), the trial court may refuse to accept it.

**{¶26}** We find no merit in the first proposed Assignment of Error, and it is hereby overruled.

**II.**

**{¶27}** In his second potential Assignment of Error, Appellant suggests trial counsel was ineffective for failing to move to suppress evidence against Tatum. We disagree.

**{¶28}** Our standard of review is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶29}** The trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Even debatable trial tactics and strategies do not

constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

**{¶30}** " '[F]ailure to file a suppression motion does not constitute per se ineffective assistance of counsel.' " *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *accord State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶126. " 'To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove there was a basis to suppress the evidence in question.' " *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶65, citing *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶35. If the record contains no evidence to support a motion to suppress, or such little evidence that counsel could have decided that filing such a motion would be futile, then counsel is still considered effective. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶208, quoting *State v. Gibson*, 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (8th Dist.1980); *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶28, quoting *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶13.

**{¶31}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991).

**{¶32}** "When police observe a traffic offense being committed, the initiation of a traffic stop does not violate Fourth Amendment guarantees, even if the stop was

pretextual or the offense so minor that no reasonable officer would issue a citation for it."
*State v. Raleigh*, 5th Dist. Licking No. 2007-CA-31, 2007-Ohio-5515, ¶20, citing *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 1774-75, 135 L.Ed.2d 89.

**{¶33}** Courts in Ohio have determined "pacing" to be an acceptable manner for determining a vehicle's speed. *State v. Pullin*, 5th Dist. Stark No. 2019CA00105, 2020-Ohio-787, ¶17; *State v. Ratliffe*, 12th Dist. Butler No. CA2019-09-163, 2020-Ohio-3315, ¶22, citing *State v. Vang*, 12th Dist. Madison No. CA2018-06-017, 2019-Ohio-195, ¶11.

**{¶34}** In the case *sub judice*, Trooper Myers paced Appellant at over 130 miles per hour, and Trooper Myers engaged his overhead lights to attempt to stop him. Appellant still did not stop. As trial counsel is not required to file a futile motion for suppression and the record contains no basis for suppression, Appellant has not shown trial counsel's performance fell below an objective standard of reasonable representation.

**{¶35}** We find no merit in the second proposed Assignment of Error, and it is hereby overruled.

**III.**

**{¶36}** In his third potential Assignment of Error, Appellant suggests the evidence may be legally insufficient and weighed manifestly against convicting Appellant. We disagree.

**{¶37}** Sufficiency of the evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. Essentially, sufficiency is a test of adequacy. *Id*. A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted

at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

**{¶38}** In contrast to the sufficiency of the evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387.

**{¶39}** R.C. §2921.331 in pertinent part states:

(B)    No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

* * *

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

(i) The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

**{¶40}** At trial, testimony showed Trooper Myers engaged his overhead lights and siren. Appellant then drove over 130 miles per hour for sixteen miles. In order to safely stop Appellant, the troopers had to deploy Stop Sticks. After the vehicle stopped, Appellant was found hiding in a dumpster. Appellant told Trooper Myers he thought law enforcement would not follow him if Appellant put lives in danger. No evidence was presented to the contrary.

**{¶41}** We find the State presented sufficient evidence, if believed by a jury, that Appellant caused serious harm to the victim and by force and threat of force restrained the victim's liberty. Our review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. Appellant was not convicted against the manifest weight of the evidence.

**{¶42}** We find no merit in the third proposed Assignment of Error, and it is hereby overruled.

### IV.

**{¶43}** In his fourth potential Assignment of Error, Appellant suggests the trial court may have erred in sentencing Appellant. We disagree.

**{¶44}** R.C. §2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶1. Pursuant to R.C. §2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a)[t]hat the record does not support the sentencing court's findings[,]" or "(b)[t]hat the sentence is otherwise contrary to law." R.C. §2953.08(G)(2)(a)-(b).

**{¶45}** In the case *sub judice*, the record clearly supports his sentence. The sentencing court listened to Appellant's allocution, knew the facts of the case, and appropriately analyzed under R.C. §2929.12 and R.C. §2929.13. The sentence was not contrary to law and was supported by the record.

**{¶46}** We find no merit in the third proposed Assignment of Error, and it is hereby overruled. Furthermore, after independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

**{¶47}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/br  0214