[Cite as *State v. Maher*, 2017-Ohio-7807.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

STATE OF OHIO,                              :

      Plaintiff-Appellee,               :

                           :

   - vs -                                      :

                           :

ERIC D. MAHER,                             :

      Defendant-Appellant.          :

CASE NO.  CA2016-10-015

O P I N I O N
9/25/2017

CRIMIINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20160099

Jess C. Weade, Fayette County Prosecuting Attorney, Fayette County Courthouse, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Jason P. Walker, 41 South High Street, Suite 2300, Columbus, Ohio 43215, for defendant-appellant

**M. POWELL, J.**

    **{¶ 1}**  Defendant-appellant, Eric Maher, appeals his conviction in the Fayette County Court of Common Pleas for vehicular homicide.

    **{¶ 2}**  Appellant is a truck driver who, in September 2015, was employed by Shane Middleton Trucking, a small business located in Morehead, Kentucky.  On September 24, 2015, appellant was scheduled to transport a load of baled cardboard from Morehead,

Kentucky to Columbus, Ohio, on a flatbed trailer. Prior to beginning his drive, appellant completed a standard safety inspection of the truck, trailer, and load, including checking the straps securing the load. The inspection revealed no problems and appellant began his trip. Upon fueling the truck twenty minutes later, appellant once again checked the straps securing the load. The inspection revealed no problems and appellant continued his trip.

{¶ 3} Appellant drove from Morehead to Maysville and planned to take the Route 68/62 interchange and then follow U.S. Route 62 ("Rte. 62") to Columbus. Appellant had driven this route approximately five times before. Rte. 62 runs through the unincorporated community of Staunton in Fayette County, Ohio. Through Staunton, Rte. 62 is a two-lane road with one lane for each direction. The posted speed limit in the area is 45 m.p.h. As a driver approaches Staunton from the south, there is a sharp curve on Rte. 62 with a cautionary speed limit of 25 m.p.h.

{¶ 4} Appellant claimed he was traveling at 45 m.p.h. on northbound Rte. 62 as he entered Staunton, was traveling at "approximately 35 to 40 mph" as he approached the curve, and then "slowed down accordingly" as he entered the curve. As appellant was driving through the curve, he felt a "thump." The right side of the trailer then came off the ground causing the truck and trailer to overturn and land on the driver's side. As the trailer turned over, the baled cardboard crushed a Jeep traveling southbound on Rte. 62. The driver of the Jeep ("the victim") ultimately died as a result of his injuries from the crash.

{¶ 5} Ohio State Highway Patrol Trooper Donald Rack was called to the scene of the accident to inspect the truck and trailer. The trooper observed several regulatory violations on the truck and trailer, took photographs of the violations, compiled and submitted a report to the Fayette County Sheriff's Office, and ultimately placed the truck and trailer out of service.

{¶ 6} Lieutenant Ryan McFarland of the Fayette County Sheriff's Office responded to

the scene of the accident in his capacity as a crash reconstructionist. The officer took photographs of the scene and the vehicles, took measurements, reviewed appellant's written statement to the police, and spoke to appellant. Lieutenant McFarland also reviewed Trooper Rack's report. Lieutenant McFarland determined that the crash was caused by appellant's failure to maintain control of the truck and trailer due to excessive speed.

{¶ 7} Appellant was indicted in April 2016 on one count of aggravated vehicular homicide, a third-degree felony, and one count of vehicular homicide, a first-degree misdemeanor. A jury trial was held on September 28, 2016. At trial, Lieutenant McFarland and Trooper Rack testified on behalf of the state. Appellant and his former employer, Shane Middleton, testified on appellant's behalf.

{¶ 8} Regulations required that the truck, trailer, and load weigh no more than 80,000 pounds. Middleton, who had loaded the truck but not weighed it before the trip, testified that the combined weight of the truck, trailer, and load should have been under 80,000 pounds. Middleton explained that the "empty weight" of the truck and trailer was 28,500 pounds and that on the day of the accident, the load consisted of 48 bales of cardboard, each weighing between 800 and 1,000 pounds. At the scene of the accident, appellant told the police that the combined weight of the truck, trailer, and load was approximately 80,000 pounds. At trial, appellant expressed his belief the combined weight was less than 80,000 pounds.

{¶ 9} After the accident, the truck, trailer, and load were taken to a towing company and weighed. During direct examination, Lieutenant McFarland twice testified without objection that the truck, trailer, and load weighed 87,000 pounds on the day of the accident. However, during cross-examination, defense counsel discovered that Lieutenant McFarland had not weighed the truck, trailer, and load himself. Defense counsel moved to strike the officer's weight testimony for lack of personal knowledge. The trial court denied the motion, stating "the jury will determine what weight to give to that testimony."

- 3 -

{¶ 10} As stated above, the curve had a 25 m.p.h. cautionary speed. Lieutenant McFarland testified that every curve has a "critical speed," which is the speed that a vehicle can drive through a curve without going into a yaw or overturning. The officer testified he was unable to determine the critical speed for appellant's truck through the curve in Staunton because the calculation required knowing the height, width, and weight of the vehicle in order to determine its center of mass. The officer explained that because he could not recreate exactly how the trailer was loaded before it overturned, he could not calculate the center of mass and thus, could not calculate the speed of the truck as it traveled through the curve.

{¶ 11} Although Lieutenant McFarland was unable to determine how fast appellant was driving through the curve, the officer expressed the opinion that the crash was caused by appellant's failure to maintain control of the truck and trailer because of excessive speed. The officer testified that whatever the weight or the speed of the truck may have been, appellant was traveling too fast to safely negotiate the curve, and consequently lost control of the truck and trailer. The officer further testified that upon reviewing Trooper Rack's report, he determined there were "no mechanical issues with the vehicle that caused the crash." The officer also stated he did not "have any proof that the load shifted."

{¶ 12} Appellant testified he was very familiar with the curve on Rte. 62 in Staunton and denied he was driving too fast either before or while in the curve. At the scene of the accident and at trial, appellant expressed his belief the "thump" he heard before the truck and trailer overturned was caused by the load shifting.

{¶ 13} On September 29, 2016, the jury acquitted appellant of aggravated vehicular homicide but found him guilty of vehicular homicide. The trial court sentenced appellant to one year of community control and 180 days in jail, with 170 days suspended, suspended his driver's license for a period of five years, and ordered him to pay $500 in restitution to the victim's estate.

- 4 -

{¶ 14} Appellant now appeals, raising three assignments of error.

{¶ 15} Assignment of Error No. 1:

{¶ 16} THE TRIAL COURT ERRED BY OVERRULING DEFENDANT-APPELLANT'S MOTION TO STRIKE OR OTHERWISE PRECLUDE THE TESTIMONY AS TO THE WEIGHT OF THE TRUCK.

{¶ 17} Appellant argues the trial court erred by not striking Lieutenant McFarland's testimony regarding the combined weight of the truck, trailer, and load on the day of the accident because the officer did not base his testimony on personal observations or admitted evidence as required by Evid.R. 703.

{¶ 18} The decision to admit or exclude expert testimony lies within the sound discretion of the trial court. *State v. Awkal*, 76 Ohio St.3d 324, 332 (1996); *State v. Harry*, 12th Dist. Butler No. CA2008-01-013, 2008-Ohio-6380, ¶ 59. An abuse of discretion is more than an error of law or judgment; it implies the trial court's decision was unreasonable, arbitrary, or unconscionable. *Harry* at ¶ 59.

{¶ 19} At trial, Lieutenant McFarland qualified and testified as an expert witness in crash reconstruction. After being vetted as an expert under Evid.R. 702, an expert witness is required to base his or her opinion on facts or data "perceived by the expert or admitted in evidence at the hearing" under Evid.R. 703. Opinion testimony by an expert, therefore, must be based on facts within the witness' own personal knowledge or upon facts shown by other evidence. *State* v. *Chapin*, 67 Ohio St.2d 437 (1981), paragraph two of the syllabus. Evid.R. 705 then requires the expert to testify as to his or her opinion only after disclosing the underlying facts or data behind the expert's reasoning. When an expert bases his opinion on facts he perceived or data admitted in evidence at the hearing and the facts or data are identified before the opinion is offered, Evid.R. 703 and 705 are satisfied. *Harry* at ¶ 65.

{¶ 20} Lieutenant McFarland testified on direct examination that the combined weight

of the truck, trailer, and load was 87,000 pounds on the day of the accident, but admitted on cross-examination that he had not personally weighed the truck, trailer, and load. The record indicates that the officer instead relied upon a printout of the weigh slip prepared by the towing company. However, the weigh slip was not prepared by Lieutenant McFarland nor was the document authenticated or in evidence. No other evidence was presented by the state as to the combined weight on the day of the accident. The trial court, therefore, abused its discretion in not striking Lieutenant McFarland's weight testimony. *See Chapin.*

{¶ 21} While the trial court erred in not striking the officer's weight testimony, the error was harmless. Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Error in the admission of evidence is harmless when there is no reasonable probability that the testimony contributed to the defendant's conviction, that is, where the error is harmless beyond a reasonable doubt. *State v. Lytle*, 48 Ohio St.2d 391, 403 (1976). Unless the trial court has abused its discretion in admitting the evidence and the defendant has been *materially prejudiced* by the admission of the evidence, a reviewing court should be slow to interfere. *State v. Hymore*, 9 Ohio St.2d 122, 128 (1967); *State v. Smith*, 12th Dist. Butler No. CA2008-03-064, 2009-Ohio-5517, ¶ 59.

{¶ 22} Appellant asserts the trial court's failure to strike the weight testimony was prejudicial error because Lieutenant McFarland "testified the truck tipped over because it was traveling too fast given its weight and the height of the load on the trailer." Appellant, however, mischaracterizes Lieutenant McFarland's testimony.

{¶ 23} Lieutenant McFarland explained that while the weight of the truck and trailer would be a factor in determining the critical speed of the curve and the speed of the truck at the time of the crash, he was unable to determine either because he did not have sufficient information to do so. The officer consistently testified that the crash was caused solely by appellant's failure to maintain control of the truck and trailer because of excessive speed.

Thus, his opinion, based upon his observations of the accident scene, was that whatever the weight of the truck may have been, appellant was traveling too fast to safely negotiate the curve. In fact, the officer explicitly testified on cross-examination that weight was not a factor in reaching his opinion:

> [Defense Counsel]: Okay, your conclusion says that, I believe this motor vehicle crash was a result of Eric Maher, the operator of the 2004 Peterbilt failed to maintain a reasonable control of the vehicle he was operating due to excessive speed.
>
> MCFARLAND: Yes.
>
> [Defense Counsel]: Okay, and you would agree with me that there's nothing in there about the weight of the vehicle?
>
> MCFARLAND: Correct.

{¶ 24} The record clearly shows that knowledge of the exact combined weight of the truck, trailer, and load was not necessary for Lieutenant McFarland to form his opinion that excessive speed caused the crash. There is no reasonable probability that Lieutenant McFarland's brief testimony that the combined weight was 87,000 pounds on the day of the accident contributed to appellant's conviction for vehicular homicide. Consequently, appellant was not materially prejudiced by the trial court's failure to strike the weight testimony. "If the admission of evidence at trial is not prejudicial, it does not mandate reversal." *State v. Smith*, 12th Dist. Butler Nos. CA96-09-186 and CA96-09-190, 1997 Ohio App. LEXIS 4661, *8 (Oct. 20, 1997).

{¶ 25} Appellant's first assignment of error is overruled.

{¶ 26} Assignment of Error No. 2:

{¶ 27} THE TRIAL COURT ERRED BY ADMITTING AND ALLOWING THE PHOTOGRAPHS TAKEN BY TROOPER RACK SHOWING MULTIPLE DEPARTMENT OF TRANSPORTATION VIOLATIONS TO GO TO THE JURY WHEN THESE PHOTOGRAPHS WERE IRRELEVANT, ADDED NOTHING TO THE STATE'S CASE, AND WERE HIGHLY

PREJUDICIAL TO DEFENDANT-APPELLANT.

{¶ 28} Appellant argues the trial court erred in admitting the photographs taken by Trooper Rack showing several regulatory violations on the truck and trailer. Appellant asserts that Trooper Rack's lengthy testimony regarding the violations and his showing the jury photographs of each of the alleged violations "were sufficient to create in the mind of [the jury] a causal connection between the violations and the accident." Consequently, appellant asserts, the photographs were highly prejudicial to him, especially in light of Lieutenant McFarland's testimony that no violation or mechanical failure contributed to the crash.

{¶ 29} The admission or exclusion of evidence lies within the sound discretion of the trial court. *State v. Stevens*, 12th Dist. Butler No. CA2015-09-020, 2017-Ohio-498, ¶ 26. Unless the trial court clearly abused its discretion and appellant is materially prejudiced thereby, an appellate court should not disturb the decision of the trial court. *Id.*; *State v. Finnerty*, 45 Ohio St.3d 104, 109 (1989).

{¶ 30} Trooper Rack took 20 photographs at the scene of the accident and testified about them at trial. He specifically identified regulatory violations in nine of the photographs. The other 11 photographs showed a tire, a break in the exhaust pipe, the trailer on its side, some of the straps securing the load that had been cut, cardboard bales still strapped to the trailer, and a copy of appellant's log book. Appellant did not object to the photographs during the trooper's testimony but objected to their admission into evidence at the close of the state's case.

{¶ 31} Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Under Evid.R. 403(A), only evidence that is *unfairly* prejudicial is excludable. *See State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550. As the Ohio Supreme Court stated, "Evid.R. 403 speaks in terms of unfair prejudice. Logically, all

evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits." *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107; *State v. Barnett*, 12th Dist. Butler No. CA2008-03-069, 2009-Ohio-2196, ¶ 44.

{¶ 32} Upon reviewing Trooper Rack's testimony and photographs, we find that the photographs were neither unfair nor did they confuse the issues or mislead the jury. First, regardless of the violations, the photographs depicted the condition of the truck and trailer on the day of the accident and following the crash. The photographs were relevant and probative to the state's case in attempting to prove aggravated vehicular homicide. The jury ultimately found appellant not guilty of that offense. Second, Lieutenant McFarland eliminated any prejudice from Trooper Rack's testimony and photographs when, testifying after Trooper Rack, Lieutenant McFarland specifically stated that the regulatory violations had nothing to do with the crash. Finally, the photographs did not unfairly prejudice appellant as the jury ultimately acquitted appellant of the felony and most serious offense of aggravated vehicular homicide.

{¶ 33} Accordingly, we find the trial court did not abuse its discretion in admitting the photographs into evidence. Appellant's second assignment of error is overruled.

{¶ 34} Assignment of Error No. 3:

{¶ 35} DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THAT COUNSEL'S REPRESENTATION WAS PROFESSIONALLY UNREASONABLE, PREJUDICIAL TO DEFENDANT, AND FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS.

{¶ 36} Appellant argues he received ineffective assistance of counsel because trial counsel failed to properly move the trial court to exclude Lieutenant McFarland's truck weight

testimony for lack of personal knowledge before trial, failed to renew his motion to strike Lieutenant McFarlan's truck weight testimony at the close of the state's case, and failed to object to Trooper Rack's testimony and the introduction of the photographs regarding the regulatory violations.[1]

{¶ 37} To prevail on an ineffective assistance of counsel claim, appellant must show that his trial counsel's performance was deficient and that he was prejudiced as a result. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 39; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Petit* at ¶ 39.

{¶ 38} Given the finding under the first assignment of error that the exact combined weight of the truck, trailer, and load was not a factor upon which Lieutenant McFarland based his opinion as to the cause of the crash, and our holding that the trial court's failure to strike the officer's weight testimony was harmless error at most, appellant has failed to show he was prejudiced by trial counsel's failure to exclude Lieutenant McFarland's weight testimony before trial or to renew his motion to strike the testimony at the close of the state's case. *See State v. McQueen*, 12th Dist. Madison No. CA93-06-021, 1994 Ohio App. LEXIS 1437 (Apr. 4, 1994).

{¶ 39} Likewise, given the findings under the second assignment of error that

---

1. Both appellant and the state incorrectly assert that trial counsel filed a motion in limine regarding Lieutenant McFarland's testimony within 24 hours of the start of the trial. While a motion in limine was filed on the eve of the trial, it only sought "to exclude the testimony of * * * Trooper Rack concerning any safety and/or mechanical defects cited by the trooper after examining the truck operated by Defendant, Eric Maher on September 24, 2015."

regardless of the violations, the photographs depicted the condition of the truck and trailer on the day of the accident and following the crash, Lieutenant McFarland eliminated any prejudice from Trooper Rack's testimony and photographs when, testifying after Trooper Rack, Lieutenant McFarland specifically stated that the regulatory violations had nothing to do with the crash, and the photographs did not unfairly prejudice appellant as the jury ultimately acquitted him of the felony aggravated vehicular homicide offense, appellant has failed to show he was prejudiced by trial counsel's failure to object to Trooper Rack's testimony and photographs during the state's case. *See McQueen*.

{¶ 40} Because a defendant must prove both prongs under *Strickland*, a reviewing court need not address the deficiency prong if the defendant was not prejudiced by counsel's performance. *State v. Boeddeker*, 12th Dist. Clermont No. CA2009-05-029, 2010-Ohio-106, ¶ 11. Accordingly, appellant has failed to demonstrate that his trial counsel was ineffective. Appellant's third assignment of error is overruled.

{¶ 41} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.